UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:11-CV-00174-BR

MATTHEW LAWRENCE JONES,            )
                                   )
            Plaintiff,             )
                                   )         ORDER
      v.                           )
                                   )
WAL MART, and                      )
CHRISTOPHER MICHAEL HOOPER,        )
                                   )
            Defendants.            )

This matter is before the court on defendants' motion to dismiss. Plaintiff, who proceeds *pro se*, filed a letter to the Clerk on 4 May 2012, which the court construes as a response in opposition to the motion.

Since 1980, plaintiff has been employed as an aircraft technician at the Marine Corps Air Station, Cherry Point, North Carolina. (See Compl., Attach., DE # 4-1 at 1; Appl. to Proceed, DE # 1, at 2.) On 25 November 2010,[1] plaintiff was present in defendant Wal-Mart Stores East, L.P.'s[2] ("Wal-Mart") store in Havelock, North Carolina. (See Compl., DE # 4, at 2, 4.) After defendant Christopher Michael Hopper, the store manager, accused plaintiff of calling him (Hopper) an "asshole," plaintiff was escorted off the premises by local police. (Compl., Attach., DE # 4-1, at 2, 5.) Based on this incident, plaintiff claims that defendants discriminated against him based on his race, and he seeks relief under Title VII of the Civil Rights Act of 1964 ("Title

---

[1] In his complaint, plaintiff refers to the date as 25 November 2010. (Compl., DE # 4, at 4.) However, elsewhere, plaintiff refers to the date as 25 October 2010. (Compl., Attach., DE # 4-1, at 2.)

[2] According to defendants, plaintiff did not properly identify the corporate defendant. (See Br. Supp. Mot., DE # 19, at 1 n.1.)

VII"), 42 U.S.C. § 2000e *et seq.* (Compl., DE # 4, at 2.)

Defendants contend that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to this rule "tests the sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Defendants argue that plaintiff is not entitled to any relief under Title VII because defendants did not employ plaintiff. The court agrees. Title VII provides in relevant part that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). "Employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." Id. § 2000e(b). In turn, "'employee' means an individual employed by an employer." Id. § 2000e(f).

Plaintiff does not deny that he was a customer of Wal-Mart at the time of the incident of which he complains. (See Resp., DE # 24, at 1 ("Since this incident I have not step [sic] foot in Havelock Wal-Mart's property. I'm subjected to do business in the Morehead City Wal-Mart not only to shop for my family but to pay my Wal-Mart and Sam's Club credit card bills . . . .").) Title VII does not protect plaintiff in a situation such as this, where a commercial establishment

2

allegedly discriminates against one of its customers. See Jenkins v. Wachovia Bank, N.A., No. CV 108-052, 2009 WL 63509, *4 (S.D. Ga. Jan. 9, 2009) (dismissing plaintiff's Title VII claim because she only claimed to have been defendant's customer, not its employee); Townes v. Finkelstein, 178 F. Supp. 2d 1045, 1047 (E.D. Mo. 2001) (dismissing plaintiff's Title VII complaint because she alleged that she was a customer of defendants, not that defendants were her employer). Accordingly, plaintiff has failed to state a claim upon which relief can be granted.

Defendants' motion to dismiss is ALLOWED. The complaint is DISMISSED WITH PREJUDICE.

This 16 July 2012.

W. Earl Britt
Senior U.S. District Judge